IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBEN ORTIZ-GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-12-1434 |
| | § | Criminal Action No. H-97-153-15 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

ORDER

Pending before this Court is Petitioner Ruben Ortiz-Garza's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 618)[1] and United States' Motion to Dismiss Movant's Motion Under 28 U.S.C. § 2255 as Time-Barred, and Alternatively, a Response and Motion to Dismiss Movant's Motion (Criminal Document No. 633). Having considered the motions, submissions, and applicable

---

[1] Petitioner has submitted a form motion to vacate, a separately styled motion for habeas corpus, and a memorandum of law in support of his motions. *See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody*, Document No. 618; *Petitioner's Motion Habeas Corpus Pursuant to 28 U.S.C. § 2255 and § 2255(4)*, Document No. 618, Attachment 1; *Memorandum of Law*, Document No. 619. Any reference to Petitioner's motion herein encompasses all three of the above-referenced documents.

1

law, the Court determines that Petitioner's motion should be denied and the Government's motion should be granted.

## I. BACKGROUND

On August 4, 1997, a federal grand jury in the Southern District of Texas returned a two-count indictment charging Ruben Ortiz-Garza of conspiracy and aiding and abetting in the possession with intent to distribute marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B). A superseding indictment was filed on January 23, 1998, containing the same counts, but adding a violation of 21 U.S.C. § 841(b)(1)(A). A second superseding indictment was filed on May 13, 1998 with all of the above charges. On January 25, 1999, a third superseding information charged Ortiz-Garza with illegal use of a communication facility in violation of 21 U.S.C. § 843(b) (marijuana possession). On the same date, Ortiz-Garza waived a grand jury and pleaded guilty to the information at a rearraignment in this Court. Ortiz-Garza entered into a plea agreement ("Plea Agreement") that contained a waiver of his right to appeal his sentence and an agreement to plead guilty to the information charging illegal use of a communication facility, in exchange for the Government's dismissal of the indictment. On June 10, 1999, the two counts listed on the original and superseding indictments were dismissed on the Government's motion. On June 16, 1999, this Court sentenced

2

Ortiz-Garza to forty-eight months imprisonment, followed by a one-year term of supervised release, and imposed a $100.00 fine. Ortiz-Garza did not file an appeal. This Court issued an Order to Surrender on July 13, 1999, which was mailed to Ortiz-Garza. The mailing was returned undelivered, and Ortiz-Garza claims that he was never notified of when and where he was ordered to serve his sentence.[2] Ortiz-Garza was arrested in North Carolina on May 11, 2011, then committed to the Southern District of Texas on May 19, 2011. Ortiz-Garza began serving his sentence on August 4, 2011 at McRae Correctional Facility in Georgia.

On May 7, 2012, Ortiz-Garza filed a motion under 28 U.S.C. § 2255 asserting ineffective assistance of counsel on two grounds: (1) failure to file an appeal as Ortiz-Garza had requested; and (2) failure to advise Ortiz-Garza of possible deportation as a result of his guilty plea. The Government opposes and moves the Court to deny the motion because: (1) the statute of limitations bars Ortiz-Garza's claim; and (2) the cases cited by Ortiz-Garza are not retroactive.

## II. STANDARD OF REVIEW

A federal prisoner may move to vacate, set aside or correct his sentence under § 2255 on the following grounds: (1) constitutional violations, (2) jurisdictional

---

[2] *Petitioner's Motion Habeas Corpus Pursuant to 28 U.S.C. § 2255 and § 2255(4),* Document No. 618, Attachment 1, ¶ 5.

challenges, (3) improper sentencing in excess of the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Unlike § 2254 claims, there is no requirement that the petitioner must have exhausted federal or state remedies prior to filing a motion under § 2255. *Compare* 28 U.S.C. § 2254 (b)(1)(A) (requiring that "the applicant has exhausted the remedies available in the Courts of the State"), *with* 28 U.S.C. § 2255 (containing no such requirement).

Even if a defendant alleges a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *United States v. Acklen*, 47 F.3d 739, 741–42 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the objection was not made originally at trial or on direct appeal and show "actual prejudice" was suffered from the alleged errors. *Frady*, 456 U.S. at 167–68. Proving "cause" requires a demonstration that an external obstacle prevented the petitioner from raising his claims either at trial or on direct appeal. *McClesky v. Zant*, 499 U.S. 467, 497 (1991). Establishing "actual prejudice" requires a showing that the petitioner has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id.* at 166. This higher standard is appropriate because once a petitioner's chance to appeal has been exhausted, courts are allowed to presume the defendant was fairly convicted. *Id.* at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal was heard and decided). A valid ineffective assistance of counsel claim will satisfy the requisite cause and prejudice. *Acklen*, 47 F.3d at 742. Also, because ineffective assistance of counsel claims raise issues of constitutional magnitude, they are properly raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In a habeas proceeding attacking the effectiveness of trial counsel, petitioner bears the burden of proof to demonstrate ineffectiveness by a preponderance of the evidence. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992). A petitioner's mere speculative allegations will not suffice to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

5

## III. LAW & ANALYSIS

Ortiz-Garza asserts two grounds for collateral relief based on ineffective assistance of counsel for: (1) failure to file an appeal; and (2) failure to advise of possible consequences of deportation as a result of his guilty plea. The Government contends that Ortiz-Garza's § 2255 motion is time-barred or that, in the alternative, the authorities cited by Ortiz-Garza in support of his claims are not retroactive and therefore not applicable. The Court agrees that Ortiz-Garza's § 2255 motion is time-barred for the reasons stated below.

Ortiz-Garza's motion was filed well after the expiration of the one-year statute of limitations. Under § 2255, the statute of limitations begins to run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The first and fourth provisions are relevant in the instant action.

*A.   One Year from the Date the Judgment Became Final*

The first possible date from which the one-year statute of limitations began to run is "the date on which the judgment of the conviction became final." 28 U.S.C. § 2255(f)(1). Under § 2255, a conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure in effect at the time of Ortiz-Garza's conviction, a Notice of Appeal must have been filed within ten days after the entry of a judgment or order. FED. R. APP. P. 4(b)(1)(A)(i) (amended 2009).

Ortiz-Garza was convicted on June 16, 1999. The corresponding judgment was filed on June 17, 1999. Pursuant to Rule 4(b)(1)(A)(i) then in effect, Ortiz-Garza's judgment became final on June 27, 1999. Ortiz-Garza must have filed his § 2255 motion no later than June 27, 2000, to satisfy the one-year statute of limitations. However, Ortiz-Garza filed his § 2255 motion on May 7, 2012. Because more than a decade has elapsed from the date that Ortiz-Garza's conviction became final, Ortiz-Garza's § 2255 motion is not timely.

B.  *One Year from the Date the Supporting Facts Were Discovered*

The second and later date from which the one-year statute of limitations began to run is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction . . . ." *Johnson v. United States*, 544 U.S. 295, 308 (2005).

Ortiz-Garza alleges that his counsel was ineffective because he failed to file an appeal as requested and failed to advise Ortiz-Garza of possible deportation as a consequence of his guilty plea. However, Ortiz-Garza does not reveal the date that he discovered his counsel had failed to file an appeal or had failed to advise him of possible deportation. There is no apparent explanation as to the reason for Ortiz-Garza's nearly twelve-year delay in discovering the facts that form the basis of his motion. No evidence suggests Ortiz-Garza diligently inquired as to the status of his appeal with his counsel or this Court.[3]

---

[3] Ortiz-Garza submitted an affidavit with his response to the Government's motion asserting that he called Mr. Donahue in the following months, but was not able to speak to him. *Petitioner's Reply Brief in Opposition to the Government's Motion to Dismiss Under 26 U.S.C. § 2255*, Document No. 635, Appendix A, ¶ 14 (*Sworn Affidavit*) [hereinafter *Sworn Affidavit*]. Ortiz-Garza offers no explanation of how his inability to communicate with his attorney prevented him from pursuing his rights. The fact that Ortiz-Garza called his lawyer several times without success neither evidences due diligence, nor excuses lack

Equitable tolling is available for a habeas petitioner who can show that (1) he has been diligently pursuing his rights, and (2) an extraordinary circumstance prevented him from filing a timely § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In his response to the Government's motion, Ortiz-Garza states that he is "entitled to equitable tolling where a motion to vacate is filed after the one year limitations period contained in § 2255 . . . when Ortiz-Garza was denied his right to counsel at his sentence."[4] But the transcript at sentencing reflects that Ortiz-Garza's counsel was present and made arguments in attempt to reduce his sentence.[5] Because Ortiz-Garza has neither sufficiently alleged, nor demonstrated that equitable tolling is warranted in this case, Ortiz-Garza's untimely § 2255 motion must be denied.

---

of further due diligence on his part. *See Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation.").

[4] *Petitioner's Reply Brief in Opposition to the Government's Motion to Dismiss Under 26 U.S.C. § 2255*, Document No. 635, at 6 ¶ 11.

[5] *Sentencing Before the Honorable David Hittner, United States District Judge*, Document No. 628.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Ortiz-Garza's claims for ineffective assistance of counsel merit no relief under § 2255. Accordingly, the Court hereby

**ORDERS** that Petitioner Ruber Ortiz-Garza's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 618) is **DENIED**.

**SIGNED** at Houston, Texas, on this __17__ day of October, 2012.

DAVID HITTNER
United States District Judge